**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CamMate Systems, Inc., | No. CV-06-0831-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Telescopic, LLC, | |
| Defendant. | |

Pending before this Court is Defendant's Motion to Dismiss or, in the alternative, Motion to Transfer Venue. (Doc. # 5). Plaintiff filed a Response to Defendant's Motion (Doc. # 7), and Defendant filed a Reply to Plaintiff's Response (Doc. # 8). The Court heard oral argument and now rules on this Motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The relevant factual and procedural background, for purposes of this Order, is summarized herein. Plaintiff is an Arizona corporation with its principal place of business in Arizona. Plaintiff manufactures and markets film and video production equipment. Defendant is a California limited liability company with its principal place of business in California. Defendant manufactures camera cranes, specifically a patented telescoping jib. Defendant neither owns property nor maintains an office in Arizona. Other than Plaintiff, Defendant does not have any other clients or customers in Arizona.

In January 2005, Defendant initiated and solicited a business relationship with Plaintiff. The parties entered into an oral contract for the sale and delivery of three telescoping camera cranes. The oral contract between the parties was negotiated on the telephone and in the Defendant's shop in California. As a result of their negotiations, the parties also agreed to enter into a business partnership to jointly market additional telescoping camera cranes. Defendant agreed to design and manufacture the cranes. Plaintiff agreed to mount an electronic package and dolly to Defendant's crane, and then market the complete package to its global clientele.

Before providing Plaintiff with a crane, Defendant displayed a prototype of the crane at Plaintiff's booth during a trade show in Las Vegas, Nevada in April 2005. At this show, defects in the prototype were brought to the parties' attention. On April 7, 2005, Defendant used Plaintiff's billing account to order and ship an adjustable handle to Plaintiff's Arizona office. Defendant also requested that a shipping crate for the crane be billed to Plaintiff in Arizona. The first camera crane under the oral contract was manufactured by Defendant in California and picked up by Plaintiff in California. Plaintiff alleges that Defendant untimely manufactured a defective crane requiring repairs, and then failed to deliver the second crane as per their agreement. Plaintiff filed a Complaint in the Maricopa Superior Court alleging damages in excess of $98,000 for breach of contract. Defendant subsequently removed to the United States District Court under 28 U.S.C. § 1332. Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over Defendant or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404 to the Central District of California.

**II.     PERSONAL JURISDICTION LEGAL STANDARD AND DISCUSSION**

    **A.     The Burden of Proof and Evidence Considered**

        **1.     Plaintiff Bears the Burden of Proof**

The plaintiff bears the burden of establishing personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher*

*v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).  A defendant may move prior to trial to dismiss a complaint for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2); *see*, *e.g.*, *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citing Rule 12(b)(2)).  When a defendant does so, "the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction'" over the defendant.  *Cummings v. W. Trial Lawyers Assoc.*, 133 F.Supp.2d 1144, 1151 (D. Ariz. 2001) (quoting *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)).  Conflicts over statements contained in the plaintiff's and defendant's affidavits "must be resolved in the plaintiff's favor."  *Schwarzenegger*, 374 F.3d at 800 (citing *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).

Because no statutory method for resolving the personal jurisdiction issue exists, the district court determines the method of its resolution.  *See Data Disc*, 557 F.2d at 1285 (citing *Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939)).  A district court may allow discovery to help it determine whether it has personal jurisdiction over a defendant.  *See id.* at 1285 n.1 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

### 2. Evidence the Court Considered

In analyzing Defendant's Motion to Dismiss, the Court has considered the following materials submitted by Plaintiff: (1) the Complaint; (2) the Response to Defendant's Motion to Dismiss; (3) the affidavit of Debbie Clifton including the attached exhibits; and (4) Plaintiff's oral argument.  The Court has also considered the following materials submitted by Defendant: (1) the Motion to Dismiss; (2) Defendant's Reply to Plaintiff's Response; (3) the affidavit of Louis Duskin; and (4) Defendant's oral argument.  Because the Court permitted the parties to present oral argument on the Motion, Plaintiff must establish the jurisdictional facts by a preponderance of the evidence.  *See Data Disc*, 557 F.2d at 1285.

### B. Substantive Personal Jurisdiction

Because no applicable federal statute governing personal jurisdiction exists, Arizona's long-arm statute applies to this case.  *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559

1  (9th Cir. 1995) (citing *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir.
2  1993)). Arizona's long-arm statute provides for personal jurisdiction to the extent permitted
3  by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a);[1] *see*
4  *also Uberti v. Leonardo*, 181 Ariz. 565, 569, 892 P.2d 1354, 1358, *cert. denied*, 516 U.S. 906
5  (1995) (stating that under Rule 4.2(a), "Arizona will exert personal jurisdiction over a
6  nonresident litigant to the maximum extent allowed by the federal constitution").

Absent traditional bases for personal jurisdiction (i.e., physical presence, domicile, and consent) the Due Process Clause requires that a nonresident defendant have certain minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997) (citing *Int'l Shoe*, 326 U.S. at 316). The Due Process Clause protects a defendant's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Omeluk v. Langsten Slip & Batbyggeri*, 52 F.3d 267, 269-70 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985)). A nonresident defendant's liberty interest is protected:

> By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign,' the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.

*Id.* at 270 (alteration in original) (quoting *Burger King*, 471 U.S. at 472).

"In determining whether a defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on 'the relationship among the defendant, the forum, and the litigation.'" *Brink v. First Credit Resources*, 57 F.Supp.2d 848, 860 (D. Ariz. 1999) (citing *Shaffer v.*

---

[1] Ariz. R. Civ. P. 4.2(a) provides, in pertinent part: "A court of this state may exercise personal jurisdiction over parties, whether found within or outside the state, to the maximum extent permitted by the Constitution of this state and the Constitution of the United States."

1  *Heitner*, 433 U.S. 186, 204 (1977)). If a court determines that a defendant's contacts with
2  the forum state are sufficient to satisfy the Due Process Clause, then the court must exercise
3  either "general" or "specific" jurisdiction over the defendant. *See Helicopteros Nacionales*
4  *de Colombia v. Hall*, 466 U.S. 408, 414-15 nn.8-9 (1984) (citations omitted); *Doe*, 112 F.3d
5  at 1050. The nature of the defendant's contacts with the forum state will determine whether
6  the court exercises general or specific jurisdiction over the defendant. *Id.*

### 1. General Jurisdiction

A court may assert general jurisdiction over a nonresident defendant "[i]f the defendant's activities in the state are 'substantial' or 'continuous and systematic,' . . . even if the cause of action is unrelated to those activities." *Doe*, 112 F.3d at 1050-51 (quoting *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986)); *see Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).

Defendant argues that it does not have "substantial" or "continuous and systematic" contacts with Arizona, and the Court agrees. Defendant does not own property or maintain an office in Arizona. Further, Defendant is not licensed to do business in Arizona and does not have a statutory agent in Arizona. Although Defendant solicited business with Plaintiff, Plaintiff is Defendant's only client and only contact in Arizona. Because Defendant's activities in the forum state are not sufficiently substantial, this Court cannot assert general jurisdiction over Defendant.

### 2. Specific Jurisdiction

If a defendant does not have substantial or continuous and systematic contacts with the forum state, then the court must determine whether the defendant has had sufficient contacts with the forum state such that the exercise of specific jurisdiction over the defendant would not offend the Due Process Clause. *See Int'l Shoe*, 326 U.S. at 316; *Core-Vent*, 11 F.3d at 1485. The Ninth Circuit applies a three-prong test to determine whether the defendant's contacts with the forum state are sufficient to subject him to the state's specific jurisdiction. *Schwarzenegger*, 374 F.3d at 802. Under this three-prong test, specific

- 5 -

jurisdiction exists only if: (a) the nonresident defendant purposefully directs activities or consummates some transaction with the forum of the plaintiff, or performs some act by which he personally avails himself of the privilege of conducting activities in that forum; (b) the claim arises out of or relates to the defendant's forum-related activities; and (c) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *Id.*; *see*, *e.g.*, *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.* 130 F.3d 414, 416 (9th Cir. 1997)); *see also Burger King*, 471 U.S. at 472-73.

### a. Purposeful Availment Requirement

In discussing the specific jurisdiction test, the United States Supreme Court emphasized long ago that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe*, 326 U.S. at 319).

More recently, the Supreme Court held that a court may also have specific jurisdiction over a defendant where the intended effects of the defendant's non-forum conduct were purposely directed at and caused harm in the forum state. *Calder v. Jones*, 465 U.S. 783, 789-90 (1984) (adopting "effects test" for libel, invasion of privacy, and intentional infliction of emotional distress claims where defendant's Florida conduct had "effects" in California, the forum state). Consistent with this precedent, the Ninth Circuit has held that a district court should apply different specific jurisdiction tests to contract and tort cases. *See Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (stating that in determining whether court has specific jurisdiction over defendant, "[i]t is important to distinguish contract from tort actions"); *Ziegler*, 64 F.3d at 473.

In cases involving certain types of torts, the Ninth Circuit has held that courts should apply the "effects test" and that "jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having an effect in, the situs state." *Ziegler*, 64 F.3d at 473.

In cases arising out of contractual relationships, including those involving related tort claims, the Ninth Circuit applies the "purposeful availment" test enunciated in *Hanson*.[2] Plaintiff's Complaint states a claim for breach of contract; therefore, the Court will apply the purposeful availment test in analyzing whether there is specific jurisdiction over Defendant.

In cases arising out of a contractual relationship:

> A contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction. '[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' are the factors to be considered. The foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction.

*Gray*, 913 F.2d at 760 (citations omitted) (quoting *Burger King*, 471 U.S. at 474, 478-79). A defendant has engaged in affirmative conduct and thereby "purposely availed himself of the benefits of a forum if he has deliberately 'engaged in significant activities within a State or has created "continuing obligations" between himself and the residents of the forum.'" *Gray*, 913 F.2d at 760 (quoting *Burger King*, 471 U.S. at 475-76); *see Cybersell, Inc.*, 130 F.3d at 417 (stating that "the 'purposeful availment' requirement is satisfied if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents") (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)).

Finally, in analyzing the purposeful availment requirement, the Ninth Circuit performs a qualitative evaluation of the defendant's contact with the forum state to determine whether "the 'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Core-Vent*, 11 F.3d at 1485 (quoting *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

---

[2] *See, e.g., Roth*, 942 F.2d at 621 (applying purposeful availment test in breach of contract action); *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (applying purposeful availment test in case where the plaintiff brought action for rescission, breach of warranty, and misrepresentation); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 817 (9th Cir. 1988) (finding effects test inapplicable and stating that, "unlike *Calder* and *Haisten*, in this case personal jurisdiction is sought on a contract claim, not on a tort claim").

- 7 -

Defendant actively solicited a business relationship with Plaintiff that resulted in an oral contract concerning three telescoping camera cranes. Defendant thereby engaged in affirmative conduct with Plaintiff in Arizona. As described in *Gray*, in addition to the oral contract, the parties contemplated a future relationship. Plaintiff and Defendant entered into a business relationship to jointly market the crane. Defendant utilized Plaintiff in manufacturing and marketing the crane, including shipping parts to Plaintiff's shop in Arizona and supplying Plaintiff's contact information to prospective buyers. In forming the partnership, the parties created continuing obligations to each other.

Defendant purposefully availed itself of the laws of the forum state by conducting business in and intending to create a future relationship with Plaintiff in Arizona. If Plaintiff had not filed the claim for breach of contract, presumably the parties would continue to jointly market the crane from their respective places of business in Arizona and California. Although Defendant endorsed a Non-Disclosure Agreement to be governed by the rules of California, Defendant could reasonably anticipate being haled into court in Arizona once the parties formed the business partnership. The Court finds that Defendant purposefully availed itself of the forum state by affirmatively soliciting and conducting business in Arizona. Further, Defendant created future obligations in Arizona by forming a partnership with Plaintiff, whose place of business is located in the forum state.

### b. Claim Arises Out of Activities

The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's cause of action arises out of the defendant's forum-related activities. *Doe*, 112 F.3d at 1051; *see Omeluk*, 52 F.3d at 271. The "arising out of" requirement is met if, but for the contacts between the defendant and the forum state, the cause of action would not have arisen. *See Terracom*, 49 F.3d at 561.

The "but for" test is satisfied in this matter because the cause of action arises out of Defendant's forum-related activities. Strictly speaking, but for Defendant's failure to manufacture three viable cranes that could be marketed from Arizona, Plaintiff's claim for

breach of contract would not have arisen. Although Plaintiff picked up the first crane in California, its defects were discovered in Arizona and then repaired in Arizona. Further, had Defendant not actively solicited Plaintiff's business in the forum state, the breach of contract would not have occurred. Therefore, the Court finds that the alleged breach of contract arises out of Defendant's forum-related activities.

### c. Reasonableness of Jurisdiction

An unreasonable exercise of jurisdiction violates the Due Process Clause even if the "purposeful availment" and "arising out of" requirements of the specific jurisdiction test are satisfied. *See Ziegler*, 64 F.3d at 474-75*; Int'l Shoe*, 326 U.S. at 316 (holding that exercise of personal jurisdiction must "not offend traditional notions of fair play and substantial justice"). A district court presumes, however, that its exercise of jurisdiction over a defendant is reasonable if the first two requirements of the specific jurisdiction test are met. *See Ballard*, 65 F.3d at 1500 (citing *Sher*, 911 F.2d at 1364). If the first two requirements are satisfied, then the burden of proof shifts and the defendant " must 'present a *compelling case* that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King*, 471 U.S. at 477).

The Ninth Circuit considers the following seven factors in determining whether the exercise of specific jurisdiction over a defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant of litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See Ziegler*, 64 F.3d at 475 (citing *Terracom*, 49 F.3d at 561) (finding that all seven factors must be weighed, but none are dispositive); *see also Worldwide Volkswagen*, 444 U.S. at 292 (listing several of the seven factors).

Because the Court has found that the first two requirements of specific jurisdiction

- 9 -

have been met, Defendant must come forward with a compelling case to rebut the presumption that jurisdiction in Arizona is reasonable. Defendant has failed to meet this burden. In fact, the balance of the aforementioned factors favor Plaintiff. Given the Court's finding that Defendant's contacts with the forum state meet the purposeful availment prong, the Court also finds that Defendant purposefully interjected itself into the forum state to conduct business. Defendant initiated and solicited Plaintiff's business. Defendant has failed to show that it would be substantially burdened by litigating in Arizona; Defendant argues only that California would be more convenient. Arizona's sovereign interests outweigh that of California, as the alleged breach occurred in Arizona and remedies are sought under Arizona law. The forum state has an interest in adjudicating this dispute, because Plaintiff is incorporated in Arizona and has its operations in Arizona. In terms of efficiency, Plaintiff's witnesses and substantial part of the evidence are located in the forum state. Plaintiff's preference of forum is clearly its home state; however, an alternative forum exists in the Central District of California. As discussed further below, the inconvenience to Defendant is transferred to Plaintiff in the alternate forum. Based on the factors, Defendant has failed to present a compelling case that the exercise of jurisdiction would not comport with fair play and substantial justice. Requiring Defendant to submit to the jurisdiction of the Court would not impose substantial burdens on it. Therefore, the presumption that exercising jurisdiction would be reasonable has not been overcome.

In summary, Plaintiff has satisfied the three-prong specific jurisdiction test with respect to Defendant. The Court holds that it has specific jurisdiction over Defendant therefore, the Motion to Dismiss for lack of personal jurisdiction is denied.

### III.   TRANSFER OF VENUE LEGAL STANDARD AND DISCUSSION

The Court has the power to transfer venue under 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Defendant argues that this case should be transferred to the Central District of

California. The relevant inquiry is which forum best serves "the convenience of the parties, the convenience of the witnesses, and the interests of justice." *Advanced Semiconductor Materials Am., Inc. v. Applied Materials, Inc.*, 30 USPQ2d 1553, 1554 (D. Ariz. 1993) (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985)). The court may consider several factors in determining whether to transfer venue. These factors may include the plaintiff's choice of forum, the extent of the parties' contacts with the forum, the contacts in the forum relating to the plaintiff's cause of action, the availability of non-party witnesses, and the accessibility of evidence. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

### A. Convenience of Parties and Witnesses

Plaintiff's choice of forum is to be given "substantial deference" where the plaintiff has chosen its home forum. *Reiffin v. Microsoft Corp.*, 104 F.Supp.2d. 48, 52 (D.D.C. 2000); *see Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1176 (9th Cir. 2006). Although the Plaintiff in this case has chosen its home forum, this is only one factor to be considered and is not dispositive. *Impra Inc. v. Quinton Instruments Co.*, 17 USPQ2d 1890, 1891 (D. Ariz. 1990). The factors relating to the convenience of the parties and witnesses are also inconclusive. Transfer of venue "is not appropriate . . . when the transfer merely shifts the inconvenience from one party to another." *Id*. (citing *Gallery House, Inc. v. Yi*, 587 F.Supp. 1036, 1040 (N.D. Ill. 1984)). Either party in this case would be inconvenienced by litigation in the other's chosen forum. Each party has extensive contacts in its chosen forum and minimal contacts in the forum of the other's choosing. Similarly, each party has indicated that a number of material witnesses would be inconvenienced by having to travel to another forum. The Court finds that the inconvenience for each party's witnesses would be comparable in either forum, and therefore this is "an equally neutral factor in deciding the motion for change of venue." *See Advanced Semiconductor*, 30 USPQ2d at 1554.

### B. Interests of Justice

Because the Court finds that the inconvenience to the parties and witnesses is roughly

- 11 -

comparable, the deciding factor is in which forum the case can be most efficiently and economically litigated. Accessibility of evidence does not support the transfer of venue. The Arizona forum has been the primary site of the alleged breach of contract at issue in this case. Although the telescoping camera crane at issue was manufactured in California by Defendant, it was subsequently brought to Plaintiff's shop in Arizona where the alleged defects were discovered and repaired. Defendant, based in the Central District of California, is not in possession of the crane. Relevant evidence is more likely to be found in the Arizona forum than in California. Defendant's argument concerning court congestion does not justify a transfer of venue. The marginally higher "docket congestion" in Arizona, as cited by Defendant, is insufficient to support transferring venue. Therefore, the interests of judicial efficiency and economy do not warrant the transfer of venue to the Central District of California.

### C. Balancing the Factors Affecting the Motion to Transfer

Venue is proper in both the District of Arizona and the Central District of California. The convenience of the parties does not weigh heavily in favor of transferring Plaintiff's Complaint to California. Considering the inconvenience to witnesses, the Court finds transferring venue is inappropriate; transfer would serve only to shift the inconvenience from Defendant to Plaintiff. As stated above, Plaintiff is also in possession of evidence relating to the alleged breach of contract. The relevant factors weigh in favor of denying Defendant's motion to transfer venue to the Central District of California. Therefore, the Court will defer to the Plaintiff's home forum and deny Defendant's Motion to Transfer Venue.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Court denies Defendant's Motion to Dismiss for lack of personal jurisdiction (Doc.# 5);

///

**IT IS FURTHER ORDERED** that the Court denies Defendant's Motion to Transfer Venue to the Central District of California (Doc. # 5).

DATED this 17th day of July, 2006.

_/s/ James A. Teilborg_
James A. Teilborg
United States District Judge